THE CITY OF MARSEILLES, Plaintiff-Appellant, v. UNION BANK, as Trustee, Defendant-Appellee.

Third District   No. 3—99—1003

Opinion filed December 22, 2000.

Keith R. Leigh (argued), of Pool, Leigh & Fabricius, of Ottawa, for appellant.

Stephen C. Myers (argued), of Myers, Daugherity, Berry & O'Conor, of Ottawa, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The plaintiff in this demolition action, City of Marseilles (City), appeals the La Salle County circuit court's dismissal of its complaint against the defendant, Union Bank, seeking injunctive and other relief to have a public nuisance abated. City asks this court to decide the following issues: (1) Did the circuit court err when it concluded that City's 15-day advance written notice to Union Bank pursuant to section 11—31—1(a) of the Illinois Municipal Code (65 ILCS 5/11—31—1(a) (West 1998)) failed to satisfy procedural due process under the federal and state constitutions where it did not specify the property's defects and the requisite remedies? and (2) Did City's complaint afford Union Bank sufficient notice to satisfy procedural due process where injunctive relief did not require prior notice? Because we find that proper notice was afforded, we reverse the judgment of the circuit court and remand for further proceedings.

After receiving complaints, City officials investigated the former Washington School on Bluff Street in Marseilles, Illinois. The investigation revealed that the property contained an old, dilapidated building or structure that was dangerous, unsafe, unsanitary or otherwise unfit for human use. The officials also concluded that the property was an invitation to children, endangered the lives of children, and had become a fire hazard. Based upon the findings, the Marseilles city council passed resolution No. 1998—6 on June 17, 1998, declaring the property to be a public nuisance and a hazard to the public health, safety, and welfare. On June 18, 1998, the city attorney issued a 15-day notice by certified mail to the defendant, Union Bank, as trustee of the property. The notice advised Union Bank that the property constituted a public nuisance because it (1) contained a building or structure so old, dilapidated or out of repair as to be dangerous, unsafe, unsanitary or otherwise unfit for human use; (2) was an invitation to children and endangered the lives of such children; and (3) was a fire hazard due to its condition. Last, the notice indicated that, unless Union Bank abated the nuisance condition within 15 days, City would petition the La Salle County circuit court for appropriate relief

pursuant to section 11—31—1 (65 ILCS 5/11—31—1 (West 1998)) and the city ordinances. Additionally, the notice stated: "Your immediate attention to this matter is requested, and if you have any questions concerning this communication please feel free to call on us at your convenience."

When Union Bank failed to abate the nuisance within the 15-day period, City filed a complaint for injunctive and other relief on July 17, 1998, seeking to have the nuisance abated. On July 22, 1998, City personally served an agent of Union Bank with a copy of the summons and the complaint. When Union Bank failed to file an answer, City moved for default judgment on September 24, 1998, which the circuit court granted on October 14, 1998. However, Union Bank filed a motion to vacate the default judgment, alleging that (1) prior to City filing the complaint, Union Bank forwarded the July 18, 1998, notice to the holder of the beneficial interest in the land trust (beneficiary), which was returned undelivered; (2) the beneficiary received the notice on July 30, 1998, in addition to the complaint and summons in this case; (3) the beneficiary, thereafter, began to abate the nuisance; and (4) the beneficiary attempted to contact City's counsel on September 2, 1998, to inquire whether his remedies were sufficient, but City's counsel did not return his telephone messages.

The circuit court granted Union Bank's motion to vacate, and, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), Union Bank filed a motion to dismiss on the basis that the statutorily required notice was deficient because it failed to specify the defects that rendered the property a public nuisance. The circuit court granted Union Bank's motion to dismiss, dismissing City's complaint with prejudice. City then filed a motion to reconsider, which the circuit court denied. City now appeals.

■ Did the circuit court err when it concluded that City's 15-day advance written notice to Union Bank pursuant to section 11—31—1(a) of the Illinois Municipal Code (65 ILCS 5/11—31—1(a) (West 1998)) failed to satisfy procedural due process under the federal and state constitutions because it did not specify the property's defects and the requisite remedies? In determining whether Union Bank was deprived of its constitutional due process rights, our review is *de novo*. See *Quantum Pipeline Co. v. Illinois Commerce Comm'n*, 304 Ill. App. 3d 310, 314, 709 N.E.2d 950, 953 (1999).

On appeal, City contends that it gave Union Bank the statutorily required 15-day notice pursuant to section 11—31—1(a) (65 ILCS 5/11—31—1(a) (West 1998)). Specifically, City maintains that the circuit court failed to properly apply the rules of statutory construction when it required City to provide more notice than required by the

plain language of section 11—31—1(a). City further maintains that compliance with the statutory notice requirements was constitutionally sufficient. We agree.

■ First, it is undisputed that City complied with the *statutory* notice requirement. Section 11—31—1(a) states, in relevant part:

> "The corporate authorities of each municipality may demolish, repair, or enclose or cause the demolition, repair, or enclosure of dangerous and unsafe buildings or uncompleted and abandoned buildings within the territory of the municipality and may remove or cause the removal of garbage, debris, and other hazardous, noxious, or unhealthy substances or materials from those buildings.
> \*\*\*
> The corporate authorities shall apply to the circuit court of the county in which the building is located (i) for an order authorizing action to be taken with respect to a building if the owner or owners of the building, including the lien holders of record, *after at least 15 days' written notice by mail so to do,* have failed to put the building in a safe condition or to demolish it or (ii) for an order requiring the owner or owners of record to demolish, repair, or enclose the building or to remove garbage, debris and other hazardous, noxious, or unhealthy substances or materials from the building."

(Emphasis added.) 65 ILCS 5/11—31—1(a) (West 1998).

Section 11—31—1(a) required City to notify Union Bank in writing by mail at least 15 days prior to applying to the La Salle County circuit court for an order authorizing action to be taken with respect to the property at issue. City clearly complied with section 11—31—1(a)'s notice requirement when it issued a 15-day notice by certified mail to Union Bank.

■ We note that had City sought only injunctive relief from the circuit court no statutory notice was required. Obviously, the complaint and summons once served upon the bank would have provided sufficient notice to satisfy constitutional due process requirements.

However, Union Bank argues that compliance with the statutory notice requirements was not sufficient to satisfy its constitutional right of due process. We disagree. At a minimum, due process requires that a deprivation of property cannot occur "without providing notice and an opportunity for a hearing appropriate to the nature of the case." *Wilson v. Bishop*, 82 Ill. 2d 364, 369 (1980). Notice is constitutional where it will "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657 (1950).

Here, City met its statutory notice obligation by notifying the bank that it would be filing suit. It met its constitutional due process

obligation by serving a summons and complaint upon the bank, which notified the bank of the pendency of an action and afforded it an opportunity to object to proposed infringement upon its property rights. Nothing more needed to be done to satisfy due process requirements of the Illinois and United States Constitutions.

For the foregoing reasons, we hold that the circuit court of La Salle County erred in dismissing the City's complaint. We reverse and remand for proceedings consistent with this order.

Reversed and remanded.

KOEHLER and LYTTON, JJ., concur.